# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAQUAN BROADNAX,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )  CV416-292<br>  )<br>THE STATE OF GEORGIA,  )<br>JOSE MORALES, Warden, *et al.*  )<br>  )<br>  Defendants.  )  | |

## REPORT AND RECOMMENDATION

Plaintiff Daquan Broadnax, a Coastal State Prison inmate, brings this § 1983 action against the State of Georgia, the Georgia Department of Corrections (D.O.C.), Commissioner Homer Bryson, Warden Jose Morales, and two other Coastal State Prison employees, Rodney Jackson and Robin Owens. *See* doc. 1 at 1, 4. He alleges that unsanitary conditions at the prison violate the Eighth Amendment. *See id.* at 5-6. He also moves the Court to appoint him counsel. Doc. 8.

I. BACKGROUND

Broadnax complains that "inadequate ventilation" at the prison leads to "excessive dust, [and] black mold," and that a "lack and denial to

1

[sic] proper sanitation equipment and supplies," causes "a continued smell of raw sewage."[1]  Doc. 1 at 5.  Due to those conditions, he has been "exposed to" "communi[c]able disease[]s[,] infections[,] bacterias [sic][,] and other respi[r]atory illnesses," including "migraine head pain, chest pain[,] shortness of breath, sore throats, vison impairment, lack of energy, nightmares, paranoia, depression, hacking cough, nasal congestion, allergies[,] and possible tuberculosis exposure[,] maybe [']Black Lung['],"  and "'staph' disease."[2]  *Id.* at 5-6.  He has "continually spoken with the warden and administration," to no avail.[3]  *Id.* at 3.  He seeks injunctive

---

[1]  Broadnax has not followed any discernible convention for capitalization.  The Court, therefore, has altered quotations to correct his capitalization.  Since those alterations are not substantive, they have been omitted from the quotations below.  Other alterations are indicated.

[2]  Broadnax's allegation that he has been "exposed to" the listed ailments is ambiguous.  As stated, it does not distinguish between illnesses or symptoms he currently suffers from and those he contends he has a heightened risk of contracting.  Since, as discussed below, Broadnax must amend his Complaint to maintain this case, he should clearly indicate which is which.

[3]  Broadnax admits that he has not exhausted the grievance appeals process, but he also alleges that the grievance process, generally, is "defective due to the Administration's obstructing the process by misconduct denying use or any possible remedies."  *Id* at 4.  Administrative exhaustion, though mandatory, requires an inmate "to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of."  *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016) (quotes and cite omitted).  While failure to exhaust is generally an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), it may be grounds to dismiss on screening if the failure appears on the face of the complaint.  *Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

relief, in the form of "a[n] order from this Court for an OSHA inspection," a prohibition against any retaliation or harassment for bringing this action, and "a medical evaluation by a[n] outside provider other than D.O.C.," and one million dollars in damages. *Id.* at 7.

## II. ANALYSIS

The Prison Litigation Reform Act requires federal courts to screen all civil cases in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The Court must screen out any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(1) allows the Court to dismiss any prisoner suit brought "with respect to prison conditions," for the same reasons stated in § 1915A.

---

Accordingly when, as here, a Complaint shows failure to exhaust, but alleges that remedies were not "available," it survives screening. It may not survive for long, however, because, in response to a motion to dismiss, an inmate must establish, not just allege, that all available remedies were *properly* exhausted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1374-77 (11th Cir. 2008) (motion to dismiss for failure to exhaust "is a matter in abatement," and court may "consider facts outside of the pleadings and . . . resolve factual disputes"); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (citing *Woodford*, 548 U.S. at 126) ("[E]xhaustion means proper exhaustion, i.e., under the terms of and according to the time set by [prison] regulations.").

3

### A.   Claims against the State and D.O.C.

Neither the State of Georgia nor the D.O.C.[4] is a proper defendant because both are immune from suit and, immunity notwithstanding, neither is subject to suit under § 1983.  "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity."  *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989).  State agencies are equally immune.  *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment," absent consent); *Stevens*, 864 F.2d at 115 (suit against the D.O.C. is barred by Eleventh Amendment).  The immunity extends to all claims for relief, including damages and injunctive relief.[5]  *See Stevens*, 864 at 115 (citing

---

[4]  It is not clear whether Broadnax intends to name both the State of Georgia and the Georgia Department of Corrections as defendants.  At one point he names only the State, but not the D.O.C., *see* doc. 1 at 1, and elsewhere only the D.O.C., but not the State, *id.* at 4.  Since, as explained below, neither is subject to suit, the Court need not resolve the question.

[5] To the extent that Broadnax could allege a claim entitling him to injunctive relief against continuing violations of federal law, including the Constitution of the United States, the proper party defendant is the responsible state official in his official capacity.  *See, e.g., generally Ex parte Young*, 209 U.S. 123 (1908) (recognizing exception to immunity for suits to compel compliance with federal law).

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Even if they were not immune, neither the State nor D.O.C. is subject to suit under § 1983.[6] *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989)). Accordingly, all of Broadnax's claims against the State of Georgia and the Georgia Department of Corrections should be **DISMISSED**.

**B. Conditions-of-Confinement Claims**

Broadnax's complaint that the prison conditions violate the Eighth Amendment proscription against cruel and unusual punishments could be construed as alleging either that they are so unsanitary that they are presently harming his health, or that they violate the amendment

---

[6] "To have a cause of action pursuant to § 1983, the plaintiff must allege that a *person* deprived [him] of a federal or constitutional right and that the person was acting under color of law." *Edwards*, 49 F.3d at 1522 (emphasis added) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). States are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. "A suit against a state agency is no different than a suit against the state itself," so, like the state itself, its agencies are not "persons" for § 1983 purposes. *McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013).

because they expose him to an unreasonable risk of future harm. Claims that prison conditions violate the Eighth Amendment, whether immediately or by creating an unreasonable risk, require a two-prong showing: an objective showing that the condition or risk is sufficiently serious, and a subjective showing that the defendants had a sufficiently culpable state of mind. *See, e.g., Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement). Broadnax's Complaint is deficient on both prongs.

The conditions Broadnax alleges are not, standing alone, sufficient to satisfy the objective prong of an Eighth Amendment claim. "[T]he Eighth Amendment is concerned with both the 'severity' and the 'duration' of the prisoner's exposure to inadequate . . . ventilation," and "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004). In the absence of any allegations establishing either the severity or

duration of the "lack of ventilation," his allegations do not state a viable claim.

Neither do his general allegations about the cleanliness of the jail. *See, e.g., Mckissick v. Owens*, 2013 WL 1213087 at * 2, 4 (S.D. Ga. Feb. 21, 2013) (allegation that prison officials did not "frequently provide" cleaning products not sufficient to state claim); *Jordan v. Franks*, 2010 WL 4007641 at * 2 (S.D. Ga. Aug. 30, 2010) (exposure to mold, mildew, and unpleasant smell did not sufficiently allege Eighth Amendment claim based on present harm or risk of future harm). Since plaintiff has failed to satisfy the objective prong, his claims, as presently framed, are subject to dismissal. *See, e.g., Chandler*, 379 F.3d at 1297 ("we need not consider the subjective component . . . because we conclude that the inmates . . . have failed to meet their burden under the objective component.")

Broadnax has also failed to allege sufficient facts to satisfy the subjective prong of his Eighth Amendment Claim.[7] A prison official

---

[7] Liberally construed, Broadnax's allegation that he has "continually spoken with the Warden . . . concerning these problems," doc. 1 at 3, supports the conclusion that Morales is aware of the conditions identified in the Complaint. However, as explained above, questions remain about which, if any, of the complained of conditions is sufficiently serious to support the objective prong of his Eighth Amendment claim.

7

cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1970). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Broadnax uses the phrase "deliberate indifference" several times, *see* doc. 1 at 5-6 (alleging, in unedited form, defendants are "in violation of my Eighth Amendment rights causing irreparable harm of a deliberate indifference," and that his exposure to disease is "due to their negligence as a result of their deliberate indifference"), but he does not allege any facts supporting that characterization, much less any facts supporting the conclusion that any particular defendant, other than Morales, knew

---

As discussed below, he will have the opportunity to amend his Complaint. Should his amendment support the seriousness of the conditions, he must allege deliberate indifference to those conditions. That is, he must make it clear whether any defendant, including Morales, was specifically aware of and disregarded the actionable condition; no imputed or collective knowledge allegations will suffice. *See, e.g., Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) ("No liability arises under the Constitution for 'an official's failure to alleviate a significant risk that he should have perceived but did not . . . .'. [Cit.] As such, imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. [Cits.] Each individual Defendant must be judged separately and on the basis of what that person knows.") (cites omitted).

anything at all. *See* doc. 1 at 5-6. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to sufficiently plead his claim, Broadnax must allege facts supporting the conclusion that each defendant was deliberately indifferent to the allegedly infirm conditions. Since he has not done so, his failure provides an alternative ground to dismiss his claims against defendants Bryson, Jackson, and Owens.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). That's the case here.

9

Broadnax's claim might survive preliminary review if he included facts that showed that the inadequacies in the prison's ventilation were either particularly acute or longstanding, and facts supporting each defendant's subjective knowledge of and indifference to the infirm condition. The Court in its discretion will give him 30 days to amend his Complaint.

Broadnax has also moved the Court to appoint counsel to assist him. There is no entitlement to appointed counsel in a § 1983 action. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Court-appointed counsel in civil cases is warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). The most important consideration "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Here Broadnax has had no difficulty in explaining the facts of his case: he contends that the conditions of his confinement are so unsanitary that they violate the Eighth Amendment. Doc. 1 at 5-6. While the Court understands that Broadnax is incarcerated, "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has

consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (collecting cases). Because this case is not so complex legally or factually to prevent plaintiff from presenting "the essential merits of his position" to the Court, plaintiff's motion to appoint counsel, doc. 8, and his request for a hearing on that motion are **DENIED**.

### III. CONCLUSION

To summarize, Broadnax's claims against the State of Georgia and the Department of Corrections should be **DISMISSED**. His motion to appoint counsel, doc. 8, is **DENIED**. He may amend his remaining claims within 30 days of the date that this Report and Recommendation is served.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA